IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANIEL WOODROW GROVES,

        Plaintiff,

v.                                            Civil Action No. 5:17-CV-4

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

## **REPORT AND RECOMMENDATION**

### I.    SUMMARY

The Plaintiff, Daniel Woodrow Groves, argues that no medical evidence supported the administrative law judge's ("ALJ") finding that Plaintiff's residual functional capacity ("RFC") was improved as of September 17, 2014, resulting in a finding that he was not disabled. As discussed more fully below, this Court, as required by law, will not re-weigh conflicting evidence but rather will review whether the decision is supported by substantial evidence. This Court finds that the ALJ's decision was supported by substantial evidence. Therefore, the Court recommends that the Plaintiff's [ECF No. 9] Motion for Summary Judgment be denied and the Commissioner's [ECF No. 11] Motion for Summary Judgment be granted.

### II.    PROCEDURAL HISTORY

On October 11, 2012, the Plaintiff filed an application for disability insurance benefits (DIB). R. 35. The Plaintiff's application alleged a disability beginning September 24, 2012. R. 35. The Plaintiff's applications were initially denied on May 7, 2013, and again upon reconsideration on August 26, 2013. R. 35. Thereafter, the Plaintiff filed a request for a hearing. R. 35. The Plaintiff, represented by a non-attorney, appeared and testified at the hearing held on

1

May 12, 2015, as did a vocational expert ("VE").  R. 35.  On May 27, 2015, the ALJ issued an unfavorable decision.  R. 48.  The Appeals Council denied review.  R. 1.

On January 5, 2017, the Plaintiff filed a complaint to obtain judicial review of the decision of the Commissioner of Social Security denying her application.  ECF No. 1.

### III.    THE ALJ'S FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920.  The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity.  *Id.* §§ 404.1520(b); 416.920(b).  If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe.  *Id.* §§ 404.1520(c); 416.920(c).  If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairment or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings).  *Id.* §§ 404.1520(d); 416.920(d).  If an impairment meets or equals a listed impairment, the claimant is disabled.  *Id.* §§ 404.1520(d); 416.920(d).  However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's RFC, which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of his impairments.  *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of his past relevant work.  *Id.* §§ 404.1520(f); 416.920(f).  If the claimant does not have the RFC to do her past relevant work, then he has

established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. *Id.* §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

At step one of the sequential process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since September 24, 2012, the alleged onset date. R. 38. At step two, the ALJ found that the Plaintiff had the following severe impairments from September 24, 2012, through September 16, 2014: status post traumatic brain injury, history of carpel tunnel syndrome, history of phlebitis and thrombophlebitis, status post abdominal wall surgery, history of fracture of the right wrist, and depression. R. 38-39. At the third step, the ALJ found that none of the Plaintiff's impairments met or medically equaled the severity of one of the listed impairments contained in the listings during that time period. R. 39. The ALJ then determined that the Plaintiff had the following RFC during the above referenced time period:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) that; affords an opportunity to alternate sitting and standing positions at 30 minute intervals; requires no climbing ladders, ropes or scaffolds, and no more than occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; requires no more than frequent bilateral handling and fingering; accommodates a hand held assistive device for ambulation only and the contralateral upper extremity can be used to lift and carry up to exertional limits; avoids concentrated exposure to extreme cold and heat, wetness and humidity, excessive vibration, irritants, and chemicals and avoids all exposure to unprotected heights, commercial driving, and hazardous machinery; is limited to simple, routine, and repetitive tasks requiring only simple decision making, with no fast paced production requirements, and few work place changes; involves no more than occasional interaction with public, coworkers, and supervisors; and accommodates cumulative, unscheduled periods off task of 20 percent of each eight-hour workday.

R. 39-40.  At step four, the ALJ determined that the Plaintiff was unable to perform any past relevant work during the same time period.  R. 42.  At step five, the ALJ determined that during the period of September 24, 2012, through September 16, 2014, "considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that the claimant could have performed."  R. 42.  Thus, the ALJ found that the Plaintiff was disabled from September 24. 2012 through September 16, 2014.  R. 43.

However, the ALJ goes on to say that as of September 17, 2014, the Plaintiff's conditions had improved, and his disability ended.  R. 45.  The ALJ then determined Plaintiff's increased RFC beginning on September 17, 2014 to be:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) that: affords an opportunity to alternate sitting and standing positions at 30 minute intervals without going off task; requires no climbing ladders, ropes, or scaffolds, and no more than occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; requires no more than frequent bilateral handling and fingering; accommodates a hand held assistive device for ambulation only and the contralateral upper extremity can be used to lift and carry up to exertional limits; avoids concentrated exposure to extreme cold and heat, wetness and humidity, excessive vibration, irritants, and chemicals and avoids all exposure to unprotected heights, commercial driving, and hazardous machinery; is limited to simple, routine, and repetitive tasks requiring only simple decision making, with no fast paced production requirements, and few work place changes; and involves no more than occasional interaction with public, coworkers, and supervisors.

R. 45-46.  The ALJ concluded that, "considering the claimant's age, education, work experience, and residual functional capacity, there have been jobs that exist in significant numbers in the national economy that the claimant can perform."  R. 48.  Thus, the ALJ found that the Plaintiff's disability ended on September 17, 2014, and the Plaintiff was not disabled.  R. 48.

### IV.     LEGAL STANDARDS

#### A.     Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.  The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

#### B.     Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3).  The ALJ's decision must be upheld if it is supported by substantial evidence. *Id.* §§ 405(g); 1383(c)(3).  "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by

substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

## V. DISCUSSION

The Plaintiff argues there is no evidence to support a change in the Plaintiff's RFC after September 17, 2014, therefore the ALJ should have relied on his finding of Plaintiff's RFC from September 24, 2012, to September 16, 2014, and found that Plaintiff was disabled. The Court is not persuaded by this argument.

As stated above, when reviewing an ALJ's disability determination, a reviewing court must "uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (quoting *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012)). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to

reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id*.

The 4th Circuit held in a recent case that for an ALJ to decide not to adopt a previous RFC determination, the standard is still whether substantial evidence supports that determination. *Cuffee v. Berryhill*, 680 F.Appx. 156 (4th Cir. 2017). Thus, the Court need only look to the ALJ's final determination and whether substantial evidence supported the decision. Still, the Court will address below the crux of the Plaintiff's argument, that no evidence suggested a change in Plaintiff's RFC was appropriate.

In the ALJ's evaluation of Plaintiff's functional limitations, the ALJ noted several factors which reflect Plaintiff's improvement in functioning between the first and second RFC determinations. R. 46-47. Specifically, the ALJ notes that the Plaintiff stated during a neuropsychological evaluation in September of 2014 that his memory was slowly returning, his fatigue was mild, and he was resuming some physical activities that he previously had not been able to do. *Id*. The ALJ also noted that as Plaintiff had denied being depressed in 2015, Plaintiff's mood appeared to be controlled with the aid of medication. *Id*. Thus, the ALJ's determination, taking into account more recent evidence that Plaintiff's RFC had changed, was supported by substantial evidence.

Furthermore, 20 C.F.R 404.1594(c)(2) states that: "In determining whether medical improvement that has occurred is related to your ability to do work, we will assess your residual functional capacity . . . based on the current severity of the impairment(s)." The regulation goes on to say that if "there has been medical improvement, we must determine whether it is related to

your ability to do work . . . i.e., whether or not there has been an increase in the residual functional capacity." 20 C.F.R. 404.1594(f)(4).  If there is improvement, and it is related to your ability to do work, the ALJ then must determine whether your *current impairments* are severe. 20 C.F.R. 404.1594(f)(6) (emphasis added).  If the evidence shows that your current impairments "do not significantly limit your physical or mental abilities to do basic work activities, these impairments will not be considered to be severe in nature.  If so, [the Plaintiff] will no longer be considered to be disabled." *Id*.  Thus, the central determination was whether the medical evidence showed a disability when the ALJ reviewed the case.  As discussed above, substantial evidence supported the ALJ's finding that Plaintiff was not disabled.

Therefore, for the reasons discussed above, the Court finds that the ALJ's analysis that a change in the Plaintiff's RFC was warranted is supported by substantial evidence.

## VI.   RECOMMENDATION

Based on the foregoing, the Court concludes that the ALJ's decision complied with the applicable law and regulations.  Accordingly, the Court **RECOMMENDS THAT**:

1. Plaintiff's [ECF No. 9] Motion for Summary Judgment be **DENIED**; and
2. Commissioner's [ECF No. 11] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and

Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 18, 2017               */s/ James E. Seibert*
                                         JAMES E. SEIBERT
                                         U.S. MAGISTRATE JUDGE