IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANIEL WOODROW GROVES,

    Plaintiff,

v.                                                           Civil Action No. 5:17CV4
                                                                      (STAMP)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND OVERRULING PLAINTIFF'S OBJECTIONS**

I.   Procedural History

The plaintiff, Daniel Woodrow Groves, filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act. In the application, the plaintiff alleged disability since September 24, 2012. The plaintiff alleges that he is unable to work due to the following ailments: (1) a traumatic brain injury as a result of a motorcycle accident on September 24, 2012; (2) some residuals from a broken right wrist and a carpal tunnel surgery; (3) several stomach issues from an abdominal abscess that occurred following some surgeries; (4) a small bowel resection; (5) a ventral hernia; and (6) depression. The Social Security Administration ("SSA") denied the plaintiff's application initially and on reconsideration. The plaintiff then appeared, represented by a non-attorney, at a hearing before an Administrative Law Judge ("ALJ").

At the hearing, the plaintiff testified on his own behalf, as did an impartial vocational expert. The ALJ issued a partially favorable decision to the plaintiff, concluding that the plaintiff was "disabled" within the meaning of the Social Security Act from September 24, 2012, through September 16, 2014. The ALJ found that the plaintiff's disability ended on September 17, 2014. The plaintiff then filed an appeal of the decision to the Appeals Council. The Appeals Council denied the plaintiff's request for review.

The ALJ used a five step evaluation process pursuant to 20 C.F.R. §§ 404.1420 and 416.920. Using that process, the ALJ made the following findings: (1) the plaintiff had not engaged in substantial gainful activity since September 24, 2012, the alleged onset date; (2) the plaintiff had the following severe impairments from September 24, 2012, through September 16, 2014: status post traumatic brain injury, history of carpal tunnel syndrome, history of phlebitis and thrombophlebitis, status post abdominal wall surgery, history of fracture of the right wrist, and depression; (3) during that time period, none of the plaintiff's impairments met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the plaintiff was unable to perform any past relevant work during that time period; and (5) "[c]onsidering the [plaintiff]'s age, education, work experience, and residual functional capacity, there were no jobs

2

that existed in significant numbers in the national economy that the claimant could have performed." ECF No. 7-2 at 43. Therefore, the ALJ found that the plaintiff was disabled from September 24, 2012, through September 16, 2014. However, the ALJ went on to say that, as of September 17, 2014, the plaintiff's conditions had improved, and his disability ended.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United States Magistrate Judge James E. Seibert. Both parties filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report recommending that the plaintiff's motion for summary judgment be denied and that the defendant's motion for summary judgment be granted. The plaintiff filed timely objections to the report and recommendation. The defendant then filed a response to the plaintiff's objections.

## II. Applicable Law

Because the plaintiff timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not made, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. <u>Discussion</u>

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Id.</u> A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." <u>Thompson v. Astrue</u>, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

The plaintiff argues in his motion for summary judgment that there is no evidence to support a change in the plaintiff's residual functional capacity ("RFC") after September 17, 2014, and,

4

therefore, that the ALJ should have relied on his finding of the plaintiff's RFC from September 24, 2012, to September 16, 2014.

In his report and recommendations, the magistrate judge concludes that the ALJ's finding that a change in the plaintiff's RFC was warranted is supported by substantial evidence. In reaching that conclusion, the magistrate judge found that the ALJ pointed to several factors that reflect the plaintiff's improvement in functioning between the first and second RFC determinations. Specifically, the ALJ noted that the plaintiff stated during a neuropsychological evaluation in September 2014 that his memory was slowly returning, his fatigue was mild, and he was resuming some physical activities that he previously had not been able to do. The ALJ also noted that the plaintiff denied being depressed in 2015, and that the plaintiff's mood appeared to be controlled with the aid of medication. Thus, the magistrate judge determined that substantial evidence supported the ALJ's finding that the plaintiff was not disabled after September 17, 2014.

In his objections, the plaintiff contends that the ALJ and the magistrate judge ignored evidence that contradicted the ALJ's findings. Specifically, the plaintiff argues that the ALJ ignored evidence suggesting that he still experienced symptoms, including memory impairment, fatigue, and depression, after September 17, 2014. Additionally, the plaintiff argues that the evidence does not support a finding that the plaintiff improved on the exact date

5

found by the ALJ. In response to the plaintiff's objections, the defendant argues that the magistrate judge correctly applied the substantial evidence standard of review and that the ALJ was not required to cite every piece of evidence when making his finding, especially in light of the size of the record in this case. The defendant contends that the ALJ "judiciously cited and discussed significant record evidence, but also stated that his conclusions were reached '[a]fter careful consideration of the entire record.'" ECF No. 12 at 10. Thus, the defendant argues that the ALJ's analysis is reasonable and should be affirmed by this Court.

On <u>de novo</u> review, this Court finds that the ALJ's analysis and conclusion regarding the change in the plaintiff's RFC is supported by substantial evidence. The magistrate judge is correct that the central determination is whether the medical evidence showed a disability when the ALJ reviewed the case. <u>See</u> <u>Cuffee v. Berryhill</u>, 680 F. App'x 156, 160 (4th Cir. 2017) (finding, based on the medical evidence in the record, that "the ALJ's decision to depart from the prior RFC was supported by substantial evidence"). The relevant regulation states as follows:

> If medical improvement is shown to be related to your ability to do work or if one of the first group of exceptions to medical improvement applies, we will determine whether all your current impairments in combination are severe . . . . When the evidence shows that all your current impairments in combination do not significantly limit your physical or mental abilities to do basic work activities, these impairments will not be considered severe in nature. If so, you will no longer be considered to be disabled.

20 C.F.R. 404.1594(f)(6).  In the present case, this Court finds that substantial evidence supported the ALJ's finding that the plaintiff's current impairments were not severe in nature and, thus, that the plaintiff was no longer disabled.  As noted above, the ALJ cited improvements in the plaintiff's memory, level of fatigue, ability to do physical activity, and mood, all of which contributed to his finding that the plaintiff's RFC had changed by September 17, 2014.  Thus, the ALJ's determination should be upheld, as recommended by the magistrate judge.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 14) is AFFIRMED and ADOPTED. Accordingly, the defendant's motion for summary judgment (ECF No. 11) is GRANTED, the plaintiff's motion for summary judgment (ECF No. 9) is DENIED, and the plaintiff's objections to the report and recommendation (ECF No. 15) are OVERRULED.  It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      December 4, 2017

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE